GAUDIN, Judge.
This is a declaratory judgment action. At issue is whether the business of American Mortgage Assistance (AMA) constitutes debt adjusting for a fee, such that it is subject to the prohibition of LSA-R.S. 14:331. The trial judge found that the statute did not apply to AMA’s business activity. We affirm.
R.S. 14:331 provides in part:
“A. Except as otherwise provided herein, no person shall engage in the business of debt adjusting.
B. As used in this section, the following words and phrases shall have the following meaning, unless the context clearly indicates otherwise:
(1) “Person” means an individual, corporation, partnership, trust, firm, association or other legal entity.
(2) “Debt adjusting” means the making of a contract, express or implied, with a debtor whereby the debtor agrees to pay a certain amount of money or other thing of value periodically to the person engaged in the debt adjusting business who shall, for a consideration, distribute the same among certain specified creditors in accordance with a plan agreed upon. The term includes debt adjustment, budget counseling, debt management or debt pooling service or the holding of oneself out, by words of similar import, as providing services to debtors in the management of their debts and contracting with the debtor for a fee to (a) effect the adjustment, compromise, or discharge of any account, note, or other indebtedness, of the debtor, or (b) receive from the debtor and disperse to his creditors any money or other thing of value.”
AMA is a North Carolina partnership authorized to do and doing business in the State of Louisiana. Its clients are individuals who are at least three months delin *204 quent on the payment of their first home mortgage loan. For the payment of a fee, stipulated as equal to one month’s mortgage payment, AMA analyzes the income, debts and expenses of its clients. AMA then recommends resolution of the clients’ delinquency by one of several courses of action.
The subject statute is inapplicable, as correctly found by the trial judge, because there are no periodic payments to AMA and because AMA does not distribute clients’ monies to certain creditors in accord with an agreed-on plan.
The State of Louisiana is to bear costs of this appeal.
AFFIRMED.